**Linda HUNSICKER, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on briefs March 21, 2014.
Decided April 9, 2014.
Publication Ordered June 23, 2014.
Reconsideration Denied May 12, 2014.

Linda Hunsicker, pro se.

Jordan G. Spahr, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Linda Hunsicker (Requestor) appeals, *pro se,* a Final Determination of the Office of Open Records (OOR) denying her request under the Right–to–Know Law

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Section 708(b)(16) exempts from disclosure "[a] record of an agency relating to or resulting in a criminal investigation." 65 P.S. § 67.708(b)(16).

3. Section 708(b)(5) exempts records containing "individually identifiable health information," such as information about one's "medical, psychiatric or psychological history or disability status, including an evaluation, consultation, prescription, diagnosis or treatment [and] results of tests...." 65 P.S. § 67.708(b)(5).

4. Records containing "confidential personal identification numbers," including "home, cellular or personal telephone numbers" are

(RTKL)[1] for access to Pennsylvania State Police (PSP) records regarding an investigation surrounding her brother's death, which involved a PSP Trooper. For the following reasons, we affirm.

Requestor submitted a RTKL request to the PSP for "Any/All available reports regarding Joseph Peter Rotkewicz; DOB: 08/01/1969. Incident took place on 07/16/2007 at 8358 PA ROUTE 873, Slatington, PA 18080.... The incident No. is M01–1125925." OOR, Right–to–Know Request Form (Feb. 21, 2013). After informing Requestor that the PSP needed an additional 30 days to respond, a PSP Deputy Agency Open Records Officer (Agency Officer) denied the request pursuant to the RTKL's investigative exemption,[2] health-information exemption,[3] personal-identification exemption,[4] autopsy exemption[5] and the Criminal History Record Information Act (CHRIA).[6] Specifically, the PSP found the records exempt because they contain "[c]omplaints of potential conduct other than a private criminal complaint," "[i]nvestigative materials, notes, correspondence, videos and reports," and "victim information" including the victim's full name, birth date, residential address, and telephone number. 65 P.S. § 67.708(b)(16)(i)-(ii), (v). The PSP fur-

exempt from disclosure under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

5. Section 708(b)(20) exempts autopsy records of coroners and medical examiners. 65 P.S. § 67.708(b)(20).

6. 18 Pa.C.S. §§ 9101–9183. CHRIA prohibits the dissemination of "investigative information" to individuals other than criminal justice agencies. 18 Pa.C.S. § 9106(c)(4). It defines "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing...." 18 Pa.C.S. § 9102.

ther found the records exempt because their disclosure would "[r]eveal the institution, progress or result of a criminal investigation," if disclosed. 65 P.S. § 67.708(b)(16)(vi)(A).

Requestor appealed the PSP's denial to the OOR contending that she lived with her brother for 35 years, that she was not a member of the general public but his sister, and that she should have special access to the information. The OOR denied her appeal because it failed to address agency grounds for denial of access and the appeal did not challenge the confidentiality of the records under CHRIA. This appeal followed.

 On appeal,[7] Requestor first contends that the materials she is requesting are referred to as an "incident" report, not an "investigative" report, implying that those records fall outside of the investigative exemption. An incident report normally refers to a report filed by the responding officers, not the entire investigative file, although, here, it appears that the investigative report was filed at the incident report number. In any event, no matter what is contained in an incident report, incident reports are considered investigative materials and are covered by that exemption. *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473, 479 (Pa.Cmwlth.2010), *appeal denied*, —— Pa. ——, 76 A.3d 540 (2013).

 Even if the requested records fall within the investigative exception, Requestor contends that she is entitled to those records because she has a special need for them because, as Mr. Rotkewicz's sister, she needs to know what her brother did to cause a PSP Trooper to shoot him and to investigate a possible PSP "cover

up." While we are sympathetic to Requestor's desire to understand her brother's death, her status as his sister and her reasons for requesting the records do not render records that fall within the investigative exemption accessible. Under the RTKL, whether the document is accessible is based only on whether a document is a public record, and, if so, whether it falls within an exemption that allows that it not be disclosed. The status of the individual requesting the record and the reason for the request, good or bad, are irrelevant as to whether a document must be made accessible under Section 301(b). *See* 65 P.S. § 67.301(b) (stating that an agency "may not deny a requester access to a public record due to the intended use of the public record by the requester unless otherwise provided by law.").

As a corollary to this argument, Requestor contends that the investigative file should be made accessible because portions of the withheld documents are already known to her, and that if any of the record contains information that falls within an exemption to disclosure, that information should be redacted and the records then be given to her. Again, for the reasons stated above, just because she purportedly knows some of the information contained in the documents is irrelevant as to whether a document must be made accessible. Moreover, her request that the documents be redacted to the extent the records contain exempt information is based on a premise that only certain information is exempt from disclosure when, under the investigative exemption, the entire investigative report falls within the investigative exemption. 65 P.S. § 67.706(b)(16); *see also Pennsylvania State Police.*

---

7. This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office*

*of Open Records*, —— Pa. ——, ——, 75 A.3d 453, 477 (2013).

■ Finally Requestor contends that the PSP Trooper who investigated the incident assured her that she would receive that information. Even assuming that the assertion is true, an individual State Trooper does not have the authority to authorize the release of documents or make PSP RTKL determinations pursuant to Section 1102, 65 P.S. § 67.1102.

Accordingly, we affirm the OOR's Final Determination denying Requestor's RTKL request.

### ORDER

AND NOW, this *9th* day of *April*, 2014, the Final Determination issued by the Office of Open Records on April 16, 2013, at AP 2013–0626, is affirmed.