# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacy Williams, : 
                Petitioner : 
                 : 
         v. : 
                 : 
Pennsylvania Department : 
of Corrections, : No. 2068 C.D. 2015
                Respondent : Submitted: February 26, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: June 13, 2016

       Stacy Williams (Williams), pro se, petitions this Court for review of the Pennsylvania Office of Open Records' (OOR) September 17, 2015 Final Determination denying Williams' appeal from the Pennsylvania Department of Corrections' (DOC) denial of her Right-to-Know Law (RTKL)[1] request (Request). Williams presents two issues for this Court's review: (1) whether Section 3101.1 of the RTKL[2] applies to Section 6155(b) of the act commonly known as the Medical Records Act (MRA);[3] and (2) whether the OOR's position that prisoner medical records are not subject to disclosure to any person for any reason violates the equal protection clause of the Fourteenth Amendment of the United States (U.S.) Constitution. After review, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

[2] 65 P.S. § 67.3101.1.

[3] 42 Pa.C.S. §§ 6151–6160.

On July 27, 2015, Williams filed a Request with DOC seeking handwritten "medical consultations from outside appointments" for an SCI–Fayette inmate. Williams Br. at Ex. A. Attached to the Request was an incomplete Authorization for Release of Information, identifying inmate Michael Dukes. Williams Br. at Ex. B. On July 29, 2015, DOC denied the Request, citing, *inter alia*, Section 708(b)(5) of the RTKL, 65 P.S. § 67.708(b)(5), the medical records exemption. DOC informed Williams that it was forwarding the Request to DOC's Legal Assistance Center, and that the RTKL is not the proper mechanism by which to obtain medical records. On August 18, 2015, Williams appealed to the OOR challenging the denial and asserting grounds for disclosure of the requested documents. The OOR invited both parties to supplement the record and directed DOC to notify any third parties of their ability to participate in the appeal pursuant to Section 1101(c) of the RTKL, 65 P.S, § 67.1101(c). On August 24, 2015, DOC submitted its position statement. On August 27, 2015, Williams challenged DOC's position statement. On September 17, 2015, the OOR denied Williams' appeal. Williams appealed to this Court.[4]

Williams first argues that because Section 3101.1 of the RTKL applies to Section 6155(b) of the MRA, she is entitled to the records she requested. We disagree.

Initially, Section 3101.1 of the RTKL provides: "If the provisions of [the RTKL] **regarding access to records** conflict with any other Federal or State law, the provisions of [the RTKL] shall not apply." 65 P.S. § 67.3101.1 (emphasis added). Section 6155(b)(1) of the MRA states:

---

[4] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

> A patient or his designee, including his attorney, shall have **the right of access** to his medical charts and records and to obtain photocopies of the same, without the use of a subpoena duces tecum, for his own use. A health care provider or facility shall not charge a patient or his designee, including his attorney, a fee in excess of the amounts set forth in [S]ection 6152(a)(2)(i) [of the MRA] (relating to subpoena of records).

42 Pa.C.S. § 6155(b)(1) (emphasis added).

> This Court has held:

> Conflicts as to **public access**, as opposed to **public nature**, are governed by Section 3101.1 of the RTKL. Specifically, Section 3101.1 of the RTKL provides '[i]f the provisions of [the RTKL] *regarding access* to records *conflict* with any other federal or state law, *the provisions of this act shall not apply.*' 65 P.S. § 67.3101.1 (emphasis added).

*Dep't of Labor & Indus. v. Heltzel*, 90 A.3d 823, 832 (Pa. Cmwlth. 2014) (bold emphasis added). Here, there is no conflict **regarding access to records** because the RTKL's medical records exemption goes to **the public nature of the records**, not the public access thereto. *Id.*

Section 301(a) of the RTKL mandates that "[a] Commonwealth agency shall provide public records in accordance with [the RTKL]." 65 P.S. § 67.301(a). Section 701(a) of the RTKL further provides: "Unless otherwise provided by law, a **public record** . . . shall be accessible for inspection and duplication in accordance with [the RTKL]." 65 P.S. § 67.701(a) (emphasis added). Section 102 of the RTKL defines a public record in relevant part as: "A record . . . of a Commonwealth . . . agency that: [] is not exempt under [S]ection 708 [of the RTKL.]" 65 P.S. § 67.102. Pursuant to Section 708(b)(5) of the RTKL, "[a] record of an individual's medical, psychiatric or psychological history or disability status, including a[] . . . consultation . . . or related information that would disclose individually identifiable health information[,]" is exempt from access under the RTKL. 65 P.S. § 67.708(b)(5).

Thus, medical records are not **public records**. Because the requested documents herein are not public records, they are not accessible under the RTKL. 65 P.S. § 67.301. Accordingly, Section 3101.1 of the RTKL does not apply to Section 6155(b) of the MRA. Consequently, Section 708(b)(5) of the RTKL applies to Williams' Request.

> Moreover,
>
> Section 6155 [of the MRA] is found in Subchapter E., relating to medical records and their use in civil and criminal proceedings, of Chapter 61 of the Judicial Code, relating to rules of evidence. Section 6155 [of the MRA] **does not apply** outside the context of the use of medical records as evidence in legal proceedings[.]

*Hunt v. Pa. Dep't of Corr.*, 698 A.2d 147, 150 (Pa. Cmwlth. 1997) (emphasis added).[5] Because the OOR properly determined that the requested medical records "are expressly exempt from disclosure under Section 708(b)(5) [of the RTKL,]" we discern no error in the OOR's Final Determination. OOR Final Determination at 4.

Williams next argues that the OOR's position that prisoner medical records are not subject to disclosure to any person for any reason violates the equal protection clause of the Fourteenth Amendment of the U.S. Constitution. Specifically, "[Williams] contends there is 'invidious discrimination' against inmates by denying them access to their medical records upon request because there has been no legislative provision in Section 6155(b)(1) of the MRA that limits access to photocopies of medical charts and records by inmates of prison hospitals." Williams Br. at 14. We disagree. Here, the OOR's denial of Williams' Request is not based on the fact that the requested medical records belong to an inmate, but rather because

---

[5] Williams contends that because Section 6155 of the MRA was amended in 1998 to provide individuals access to their medical records without a subpoena, and *Hunt* was decided in 1997, *Hunt* does not apply. However, the 1998 amendment is not relevant to the above-cited quote.

medical records are exempt from **public** disclosure under the RTKL.  Consequently, the OOR's Final Determination did not violate Williams' constitutional rights.

For all of the above reasons, the OOR's Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacy Williams, :
                  Petitioner :
                   :
               v. :
                   :
Pennsylvania Department :
of Corrections, : No. 2068 C.D. 2015
              Respondent :

## O R D E R

AND NOW, this 13th day of June, 2016, the Pennsylvania Office of Open Records' September 17, 2015 Final Determination is affirmed.


_____
ANNE E. COVEY, Judge