IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Public Utility        :
Commission,                        :
                Petitioner          :
                                      : No. 504 C.D. 2017
                v.                :
                                        : Argued:  December 4, 2017
Sunrise Energy, LLC,               :
                Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE McCULLOUGH                             FILED:  January 12, 2018


The Pennsylvania Public Utility Commission (PUC) petitions for review of the March 27, 2017 final determination of the Office of Open Records (OOR), granting Sunrise Energy, LLC (Sunrise) access to certain information held by the PUC and related to an identified Commonwealth Court proceeding.


**Facts and Procedural History**

On October 17, 2016, David Hommrich, on behalf of Sunrise (together, the Requester), submitted a request to the PUC pursuant to Pennsylvania's Right to Know Law (RTKL),[1] seeking all email and correspondence between the PUC staff and First Energy Corporation (First Energy) regarding the case of *Sunrise Energy, LLC v. First Energy Corporation* (Pa. Cmwlth., No. 1282 C.D. 2015, October 14, 2016), from

_____
[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

the past year. The PUC identified 64 emails in response to the request, and explained that, while the PUC was not a party to the related litigation, it participated as *amicus curiae*. The PUC denied the request on November 22, 2016, asserting that the requested documents were protected from disclosure by both the attorney-work-product doctrine and the attorney-client privilege. The Requester appealed the PUC's denial to the OOR on December 9, 2016. (Reproduced Record (R.R.), 503 C.D. 2017, at Item No. 2.)

On November 23, 2016, the Requester submitted a second request to the PUC, seeking copies of all emails and correspondence between First Energy and the PUC between November 23, 2016, and October 17, 2016, regarding Case No. 1282 C.D. 2015 before the Commonwealth Court. The PUC identified 31 responsive emails, but denied the request on December 28, 2016, again asserting the attorney-work-product doctrine. The Requester appealed the PUC's denial to the OOR on January 17, 2017. (R.R., 504 C.D. 2017, at Item No. 2.)

The basis of the January 17, 2017 appeal to the OOR was limited to the issue of whether the requested documents were protected by the attorney-work-product doctrine. The PUC again argued that the emails and correspondence were protected because they related to the PUC's submission of an *amicus* brief on behalf of First Energy. The PUC noted that the communications related to ongoing litigation between the Requester and First Energy regarding the Alternative Energy Portfolio Standards Act (AEPS Act),[2] and that it believed that the Requester would ultimately pursue litigation against the PUC to challenge its implementation of the AEPS Act. Further, the PUC contended that the Requester lacked standing to bring the appeal because Sunrise was not named in the original request, and that the issue should be resolved

---

[2] Act of November 30, 2004, P.L. 1672, 73 P.S. §§ 1648.1–1648.8.

before the court of common pleas as a discovery issue, rather than by the OOR. To support its position, the PUC submitted the affidavits of its Open Records Officer, Deputy Chief Counsel, and Assistant Counsel.

In its brief, the Requester contended that the PUC did not sufficiently demonstrate that the requested materials constituted attorney-work-product, and, even if the doctrine applied, the PUC waived the privilege by exchanging the requested emails with First Energy. In its response brief, the PUC countered that it shared a common legal interest with First Energy, and noted that the common interest doctrine serves as an exception to the waiver of the attorney-work-product doctrine.

On March 27, 2017, the OOR issued its final determination, which granted the Requester's appeal and directed the PUC to provide all responsive records to the Requester within 30 days. (Petitioner's brief, at Appendix A.) In its final determination, the OOR determined that (1) the Requester had standing to appeal the PUC's denial of the request; (2) although the responsive emails constituted attorney-work-product, that privilege was waived; and (3) article V, section 10(c) of the Pennsylvania Constitution[3] does not protect the records from public disclosure in this instance. The PUC timely appealed the OOR's final determination to the Commonwealth Court.

On appeal,[4] the PUC raises four issues: (1) whether emails between PUC attorneys and counsel for First Energy, for the purpose of representing the Commission's shared interest in First Energy's legal position on jurisdiction under the AEPS Act and which were not disclosed to third parties, constitute attorney-work-

---

[3] PA. CONST. art. V, §10(c).

[4] "This Court's standard of review of a final determination of the OOR is de novo and our scope of review is plenary." *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

product excluded from the RTKL's definition of a public record; (2) whether PUC attorneys waived the attorney-work-product privilege where the attorneys, representing the PUC's legal interest in pending litigation and as *amicus curiae* supporting a third party's legal position on jurisdiction against a common adversary, generated email communication, containing the attorneys' factual and legal analysis, with the third party's counsel; (3) whether the order issued by the OOR infringes upon the Pennsylvania Supreme Court's exclusive authority to regulate the practice of law by narrowing the application of the attorney-work-product doctrine for state agency attorneys and otherwise compelling the disclosure of information subject to the Supreme Court's rules of confidentiality; and (4) whether Sunrise lacks standing as a "requester" to appeal under the RTKL, where the original RTKL request named David N. Hommrich as the requester and was not filed in Hommrich's official capacity as an officer of Sunrise.

**Discussion**

The issues presented in this matter are identical to those presented and resolved by this Court in the related matter of *Pennsylvania Public Utility Commission v. Sunrise Energy, LLC*, (Pa. Cmwlth., No. 503 C.D. 2017, filed _____, 2018). In that case, we vacated the OOR's final determination and remanded the matter to the OOR, determining that the OOR did not review the content of the emails identified by the PUC to determine which entity held the attorney-work-product privilege with respect to each email, and because First Energy did not receive notice of its ability to participate in the disclosure dispute.

We also found the PUC's argument that the OOR's final determination infringed upon the Pennsylvania Supreme Court's exclusive authority to regulate the

4

practice of law to be without merit, and that the Requester had standing to bring the appeal.

## Conclusion

Accordingly, we find that this disclosure dispute must be remanded to the OOR to determine, on an individual basis, whether the emails identified by the PUC constitute attorney-work-product of either the PUC or First Energy. To do so, the PUC is directed to, first, notify First Energy of the disclosure dispute and invite First Energy to participate, and, second, submit a privilege log to the OOR. We also find that Hommrich had standing to bring this appeal on behalf of Sunrise, and that the PUC's argument with respect to article V, section 10(c) of the Pennsylvania Constitution must fail.

Therefore, we vacate the OOR's final determination and remand the matter to the OOR to complete the record.

_____
PATRICIA A. McCULLOUGH, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Public Utility      :
Commission,      :
         Petitioner      :
            :  No.  504 C.D. 2017
      v.      :
            :
Sunrise Energy, LLC,      :
         Respondent      :

## ***ORDER***

AND NOW, this 12th day of January, 2018, the final determination of the Office of Open Records (OOR) is vacated.  The matter is remanded to the OOR for further proceedings consistent with this opinion.

      Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge