IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregg Township                 :
                                :
       v.               : No. 1186 C.D. 2017
                                  : Submitted: April 20, 2018
Michelle Grove,          :
          Appellant      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: June 25, 2018

Michelle Grove (Requester), *pro se*, appeals an order of the Court of Common Pleas of Centre County (trial court) denying her Right-to-Know Law[1] request for certain footage from security cameras in the Old Gregg School, which is used for municipal offices. In doing so, the trial court reversed the final determination of the Office of Open Records (OOR) that the information requested from Gregg Township (Township) was disclosable. Requester contends that the trial court erred in holding that the disclosure of the security camera footage would jeopardize public safety or endanger the physical security of the building. Concluding that the Township's affidavit did not support either finding of the trial court, we reverse.

On December 29, 2016, Requester submitted a written request to the Township for the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

12/29/16 security footage of Joel Myers and Doug Bierly entering and exiting the office and the time in between (one continuous recording).

Reproduced Record at 3 (R.R. __). On January 23, 2017, the Township denied the request, asserting that the requested security footage was exempt from disclosure for the stated reason that its release "would be reasonably likely to jeopardize or threaten public safety…[,]" and would "create[ ] a reasonable likelihood of endangering the safety or the physical security of a building…." Section 708(b)(2) and (3) of the Right-to-Know Law, 65 P.S. §67.708(b)(2), (3).

Requester appealed to the OOR arguing, among other things, that the Township had previously granted her requests for security footage and that release of the requested information would not threaten either the public safety or the building's security. In response, the Township reiterated its reasons for denying the request and submitted a sworn attestation of Jennifer Snyder (Snyder affidavit), the Right-to-Know Officer for the Township, which stated, in relevant part:

18. [T]he Township relies on the relevant security cameras to ensure safety and verify that the public uses the Old Gregg School in an appropriate manner.

19. The Township installed the security cameras after a security assessment by local security officials, including a police lieutenant and the current Sheriff of Centre County….

20. After the aforementioned security assessment, the Township proceeded to install security cameras for safety and security reasons.

21. While some of the security cameras are conspicuous to passive users of the building, other security cameras are not necessarily obvious to passers-by.

22. What is more, the extent to which the security cameras can capture the activities in the Old Gregg School is unknown

2

to the public, meaning, for example, that users of the Old Gregg School are unaware of the width of the camera lenses' angles.

R.R. 17-18.

The OOR issued a final determination granting Requester's appeal. The OOR explained that the area described in the request, *i.e.*, the front of the Old Gregg School, was public. Further, the Township's affidavit did not demonstrate how knowledge of the security camera's location in this public area would be reasonably likely to pose a threat.

The Township filed a petition for review with the trial court, asserting various exceptions under the Right-to-Know Law. By order of July 26, 2017, the trial court reversed the OOR's final determination, holding that the security footage was exempt from disclosure under Section 708(b)(2) and (3) of the Right-to-Know Law, 65 P.S. §67.708(b)(2), (3). The trial court explained:

> [t]he public is permitted to access the building during certain daytime hours but the building is closed at night, with surveillance cameras providing the only security. It is reasonably likely the disclosure would threaten public safety at the Old Gregg School by exposing the scope of the surveillance coverage that is unknown to the general public.
>
> * * *
>
> [Additionally, t]he building is home to the municipal offices and numerous groups and needs to be properly monitored. Building security would be impaired and threatened by having the surveillance coverage exposed and could endanger the safety of those people using the building.

Trial Court Op., 7/26/2017, at 4. Requester appealed to this Court.[2]

---

[2] This Court's review in a Right-to-Know Law appeal determines "whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence."

3

On appeal, Requester raises eight issues for consideration by this Court.[3] Most of Requester's issues have not been developed in the argument section of her brief and, thus, will not be addressed. The relevant question Requester has preserved for appeal is whether the security footage she requested is exempt from disclosure under Section 708(b)(2) and (3) of the Right-to-Know Law. Requester argues that disclosure of the limited footage she requested is not "reasonably likely" to jeopardize public safety. Requester Brief at 14.

We begin with a review of the Right-to-Know Law, which requires local agencies to provide access to public records upon request. *See* Section 302(a) of the Right-to-Know Law, 65 P.S. §67.302(a) ("A local agency shall provide public records in accordance with this act."). Records in the possession of a local agency

_____

*Paint Township v. Clark*, 109 A.3d 796, 803 n.5 (Pa. Cmwlth. 2015). The statutory construction of the Right-to-Know Law is a question of law, for which our scope of review is plenary, and our standard of review is *de novo*. *Hearst Television, Inc. v. Norris*, 54 A.3d 23, 29 (Pa. 2012).

[3] They are:

(1)     Does [Requester] publish tax lists indicating which residents have and have not paid taxes?

(2)     Is it relevant that [Requester] maintains a website providing public records relating to the [T]ownship?

(3)     Is the disclosure of surveillance video from the hall "reasonably likely" to threaten public safety?

(4)     Is it relevant that the cameras in the hall are in public view?

(5)     Is it relevant that surveillance footage of the hall had been disclosed on multiple occasions in the months leading up to this request?

(6)     Is it relevant that [Requester] was permitted into the secure office to video record directly from the surveillance monitor in those instances?

(7)     Is it relevant that the footage requested was from a non-public, non-advertised meeting between two Supervisors?

(8)     Is it relevant that [Requester] was present in the hall during this meeting and overheard the discussion that took place and the decisions that were made by the two Supervisors?

Requester Brief at 9.

4

are presumed to be a public record unless exempt under Section 708 of the Right-to-Know Law, 65 P.S. §67.708; protected by a privilege; or exempt from disclosure under a federal or state law or judicial order. Section 305(a) of the Right-to-Know Law, 65 P.S. §67.305(a). The local agency has the burden of proving that a record is exempt by a preponderance of the evidence. Section 708(a)(1) of the Right-to-Know Law, 65 P.S. §67.708(a)(1).

Section 708(b)(2) exempts from disclosure records "maintained by an agency in connection with … law enforcement or other public safety activity that, if disclosed, would be *reasonably likely to jeopardize or threaten public safety* or preparedness or public protection activity[.]" 65 P.S. §67.708(b)(2) (emphasis added). To satisfy this exemption, the local agency must prove that (1) the record at issue relates to a law enforcement or public safety activity; and (2) disclosure of the record would be "reasonably likely" to threaten public safety or a public protection activity. *Carey v. Department of Corrections*, 61 A.3d 367, 374-75 (Pa. Cmwlth. 2013). "In interpreting the 'reasonably likely' part of the test, as with all the security-related exceptions, we look to the likelihood that disclosure would cause the alleged harm, requiring more than speculation." *Id*. at 375.

Similarly, Section 708(b)(3) of the Right-to-Know Law exempts from public access "[a] record, the disclosure of which creates a *reasonable likelihood of endangering the safety or the physical security of a building*, public utility, resource, infrastructure, facility or information storage system…." 65 P.S. §67.708(b)(3) (emphasis added). "For this exemption to apply, 'the disclosure of' the records, rather than the records themselves, must create a reasonable likelihood of endangerment to the safety or physical security of certain structures or other entities, including infrastructures." *Smith on behalf of Smith Butz, LLC v. Pennsylvania*

5

*Department of Environmental Protection*, 161 A.3d 1049, 1062 (Pa. Cmwlth. 2017). Again, "'[r]easonably likely' has been interpreted as 'requiring more than speculation.'" *Id.* at 1062-63 (citing *Carey*, 61 A.3d at 375).

The Township urges that we affirm the trial court, arguing that its security cameras are "the only realistic means of ensuring public safety at the Old Gregg School, and that the security system is the result of a security audit performed by law enforcement personnel." Township Brief at 14. The locations of some security cameras are confidential because they have been placed in inconspicuous places throughout the building. Even where cameras are visible, the width of the lens is not obvious to a passerby. The Township contends that the release of even limited security footage would expose vulnerabilities in the surveillance system and, thus, endanger public safety.[4] Township Brief at 7.

Snyder's affidavit established that cameras were installed for security of the building. The question is whether the affidavit established that disclosure of the requested security camera footage would be "reasonably likely" to threaten public safety or the security of the building.

First, the Snyder affidavit is silent as to what is depicted on the requested camera footage. Second, the affidavit refers generally to *all* the security cameras at the Old Gregg School and does not explain why the disclosure of specific footage from one camera will jeopardize the building's security and the public safety. Third, the affidavit does not explain how the Township uses the cameras to enhance public and building safety; for example, the affidavit does not state whether

---

[4] The State Association of Township Supervisors has filed an *amicus curiae* brief in support of the Township.

6

the cameras are monitored contemporaneously. Finally, the affidavit does not address whether any of the information requested can be redacted.

Snyder's affidavit offers conclusory statements that both public safety and building security will be jeopardized. Without explaining details, the affidavit provides no more than speculation. This does not suffice.

The Township acknowledges that it has allowed Requester to view security footage in the past. The Township argues that this prior act does not preclude it from asserting the exemption this time. We agree that a prior disclosure, whether done accidentally or intentionally, does not require repeated disclosure of similar information. A government agency may correct mistakes; it is not forever bound to repeat them. Nevertheless, the Township's prior disclosure undermines its claim that another disclosure would be dangerous. The Township does not assert, for example, that its prior disclosure has harmed the public safety or compromised building security in any way.

The Township complains that Requester publishes public records on the internet. This is not a valid reason to deny the request. *See* Section 302(b) of the Right-to-Know Law, 65 P.S. §67.302(b) (A local agency "may not deny a requester access to a public record due to the intended use of the public record by the requester unless otherwise provided by law."); *see also Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014) (stating that "the reason for the request, good or bad, [is] irrelevant as to whether a document must be made accessible…."). Further, if this camera footage is already available online, then the Township needed to show how the addition of new footage would undermine building security and public safety.

7

The State Association of Township Supervisors, *amicus curiae*, directs this Court to *Gilleran v. Township of Bloomfield*, 149 A.3d 800 (N.J. 2016), which considered New Jersey's version of our Right-to-Know Law. In *Gilleran*, the requester sought 14 hours of video footage from a security camera located on the second floor of the Town Hall that was adjacent to the police station. The township asserted that the recording was protected under the security exclusions of New Jersey's Open Public Records Act.[5] It noted that the cameras would likely show confidential informants or domestic abuse victims going to the police station. A divided panel of the New Jersey Supreme Court held that "wholesale release" of the videotape product of a single security camera or a "combination of cameras from a government facility's security system would reveal information about a system's operation and also its vulnerabilities." *Id*. at 810. The dissent agreed with this logic but concluded that the majority's holding could not be squared with the plain language of the statute.

*Gilleran* provides little instructive value. First, it construes a statute that is similar but not identical to Pennsylvania's Right-to-Know Law. Second, it is distinguishable because the instant case does not involve a "wholesale release" of videotape product. Requester has sought limited camera footage, not 14 hours of

---

[5] N.J. STAT. ANN. §§ 47:1A-1 - 13. Under Section 47:1A-1.1, a government record does not include the following information:

* * *

emergency or security information or procedures for any buildings or facility which, if disclosed, would jeopardize security of the building or facility or persons therein;

security measures and surveillance techniques which, if disclosed, would create a risk to the safety of persons, property, electronic data or software;

* * *

N.J. STAT. ANN. § 47:1A-1.1.

footage. She seeks footage from one camera, not a combination of multiple cameras. Simply, the Township did not meet its burden of showing more than speculation that the discrete information sought by Requester will undermine the building's security and public safety.

For the above stated reasons, we reverse the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge

Senior Judge Colins dissents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregg Township              :
                                   :
          v.            :  No. 1186 C.D. 2017
                                   :
Michelle Grove,          :
         Appellant   :

# **O R D E R**

AND NOW, this 25th day of June, 2018, the order of the Court of Common Pleas of Centre County dated July 26, 2017, in the above-captioned matter is REVERSED.

_____
MARY HANNAH LEAVITT, President Judge