IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Technology and Entrepreneurial :
Ventures Law Group, PC, :
                Petitioner :
 :
           v. : No. 504 C.D. 2021
 : Argued: October 21, 2021
Pennsylvania State Police :
(Office of Open Records), :
                Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON           FILED: December 20, 2021

        Technology and Entrepreneurial Ventures Law Group, PC, through Gregg Zegarelli (Requester), petitions for review from the Office of Open Records' (OOR) final determination denying its request for records involving the seizure of skill games from public places under the Right-to-Know Law (RTKL).[1] The Pennsylvania State Police (PSP) protected the records under Section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17), known as the noncriminal investigative exception. Upon review, and discerning no error or abuse of discretion by OOR, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

# I. Background

Requester submitted a RTKL request for: "All records regarding taking or seizure of amusement or other game devices from 322 Philipsburg Bigler Highway, Philipsburg, PA 16866 (Country Garden 6-Pack) within the last 7 years, including, but not limited to, so-called skill games by any manufacturer and/or Pace-O-Matic games of any nature." Reproduced Record (R.R.) at 12a (Request).

PSP prepared Administrative Investigative Reports PA 2019-449748, PA 2019-1662933 and PA 2020-142953 (Reports), and Citation Nos. 20-0685 and 20-0778 (Citations), related to seizures in the relevant period. PSP identified only these records as responsive to the Request.

After invoking an extension, PSP denied the Request asserting the records are exempt as noncriminal investigative records.[2] R.R. at 42a-43a. It also provided a verification pursuant to 18 Pa. C.S. §4904 from its Deputy Open Records Officer (Deputy ORO) Rachel Zeltmann. She attested:

> Upon reviewing the [R]eports [and Citations][,] I have found the investigations of these incidents wholly exempt from public disclosure because the results are:
>
> - "A record of an agency relating to or resulting in a noncriminal investigation." 65 P.S. §67.708(b)(17);
>
> - "A record containing complaints submitted to an agency." 65 P.S. §67.708(b)(17)(i);
>
> - "Investigative materials, notes, correspondence and reports." 65 P.S. §67.708(b)(17)(ii); and/or

---

[2] Although PSP also referred to the Criminal History Record Information Act, (CHRIA), 18 Pa. C.S. §§9101-9183, in its denial, it did not cite or refer to CHRIA in its submissions. Thus, CHRIA is not implicated in this appeal. Also, because OOR is not a criminal investigative or law enforcement entity, it lacks jurisdiction to evaluate the criminal nature of records. *Off. of Open Recs. v. Pa. State Police*, 146 A.3d 814 (Pa. Cmwlth. 2016) (Simpson, J., single-judge op.).

- "A record that includes the identity of a confidential source . . . ." 65 P.S. §67.708(b)(17)(iii).

R.R. at 6a. She added that two of the Reports "are open and ongoing investigations and supplements will be added as the investigation continues." *Id.* at 7a.

Requester timely appealed the denial to OOR in early February 2021. OOR advised both parties of their appeal rights. Initially, PSP advised OOR that it was relying on its Deputy ORO's Verification. R.R. at 55a. However, in April 2021, after OOR requested additional information, PSP submitted a verification from William A. Rozier, PSP's ORO to support its denial. R.R. at 63a-65a. ORO Rozier attested regarding PSP's investigative authority with regard to liquor control and the Bureau of Liquor Control Enforcement's (BLCE) responsibilities under the Pennsylvania Code. In pertinent part, he attested as follows:

> 9. Pursuant to [Section 211(a) of the Liquor Code,[3]] 47 P.S. §2-211(a), PSP BLCE is responsible for the enforcement of the Liquor Code and the regulations of the PA Liquor Control Board (PLCB), and may, after investigation, issue citations to licensees of the PLCB for violations of the law or any other sufficient cause shown pursuant to [Section 471 of the Liquor Code,] 47 P.S. §4-471, including violations related to 18 Pa. C.S. §5513 (relating to gambling devices, gambling, etc.), or the operation of another business without PLCB approval or allowing another entity to conduct another business on the licensed premises under 40 Pa. Code §3.52.

> 10. I have reviewed the responsive records and found that they are related to BLCE's investigations into violations of 18 Pa. C.S. §5513 and/or 40 Pa. Code §3.52.

R.R. at 64a. Requester asked OOR to conduct *in camera* review. R.R. at 28a.

Without reviewing the records, OOR issued a final determination upholding PSP's denial. *See Zegarelli v. Pa. State Police*, OOR Dkt. No. AP 2021-

---

[3] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-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.

0277 (issued Apr. 14, 2021) (Final Determination). R.R. at 95a-105a. The appeals officer concluded that PSP met its burden of proving the investigative exception.

Requester filed a petition for review of the Final Determination with this Court. After briefing and argument, the matter is ready for disposition.

## II. Contentions

On appeal,[4] Requester argues the records are not exempt in their entirety since the Reports and Citations contain noninvestigative material. It also contends that OOR abused its discretion in not conducting *in camera* review and relying on insufficient conclusory affidavits. Requester contends that the records identified should have been disclosed in redacted form. Requester also posits, without citation of any authority, that the "[d]ue process of law on a public 'taking' requires *something* fundamental to be public, including any publicly issued warrant, the documented facts of publicly viewed probable cause, etc."[5] R.R. at 25a (emphasis in original). It also claims that PSP asserted a frivolous exemption.

PSP counters that it has the requisite investigative authority to issue citations for violations of the Liquor Code (by violating Section 5513 of the Crimes Code, 18 Pa. C.S. §5513),[6] and the Reports and Citations were results of or relate to

---

[4] In our review of RTKL appeals involving Commonwealth agencies, this Court may rely on the record developed by OOR, but such findings are not entitled to deference. *See Am. Civ. Liberties Union of Pa. v. Pa. State Police*, 232 A.3d 654 (Pa. 2020). Our Supreme Court explained that Section 1301(a) of the RTKL, 65 P.S. §67.1301(a), "allow[s] for the adoption of the appeals officer's factual findings and legal conclusions when appropriate." *Id.* at 662-63 (quoting *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 474 (Pa. 2013)).

[5] During argument, Requester acknowledged that a due process right is independent from the statutory right to access records afforded by the RTKL and does not render a record public.

[6] BLCE has authority to enforce the Liquor Code and arrest for criminal offenses including for gambling devices, gambling, etc. under Section 5513 of the Crimes Code. *See also POM of Pa., LLC v. Dep't of Revenue*, 221 A.3d 717 (Pa. Cmwlth. 2019).

4

those noncriminal investigations. It maintains that the investigations are noncriminal because the citations are filed against the license and decided by an administrative law judge.

### III. Discussion

At issue in this RTKL appeal are three administrative investigative Reports and two Citations that were pending as of the time of the Final Determination. PSP's BLCE performed investigations pursuant to the Liquor Code.

The RTKL mandates agency disclosure of public records "consistent with the [statutory] goal of promoting government transparency . . . ." *Easton Area Sch. Dist. v. Miller*, 232 A.3d 716, 724 (Pa. 2020). Section 102 of the RTKL defines "record" as:

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

65 P.S. §67.102.

Records in an agency's possession are presumed public and thus subject to disclosure unless the records: (1) qualify under an exemption contained in Section 708(b) of the RTKL, 65 P.S. §67.708(b); (2) are privileged; or (3) are exempt "under any other Federal or State law or regulation or judicial order or decree." Section 305(a) of the RTKL, 65 P.S. §67.305(a). RTKL exemptions are construed narrowly in accordance with the statute's remedial nature, and "in a manner that comports with the statute's objective, 'which is to empower citizens by affording them access to information concerning the activities of their

5

government.'" *Pa. State Police v. Grove*, 161 A.3d 877, 892 (Pa. 2017) (citation omitted).

The burden of proving an exemption under the RTKL falls on the agency. A Commonwealth agency like PSP must establish a RTKL exception by a preponderance of the evidence. *See* Section 708(a) of the RTKL, 65 P.S. §67.708(a) (relating to exceptions for public records). "The preponderance of the evidence standard, which is 'the lowest evidentiary standard, is tantamount to a more likely than not inquiry.'" *Smith on behalf of Smith Butz, LLC v. Pa. Dep't of Env't Prot.*, 161 A.3d 1049, 1059 n.10 (Pa. Cmwlth. 2017) (citation omitted).

## A. Noncriminal Investigative Exception

PSP asserted the noncriminal investigative exception in Section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17), protects the Reports and Citations at issue here. Essentially, the noncriminal investigative exception protects records of an agency relating to or resulting in a noncriminal investigation. Specifically, Section 708(b)(17) exempts:

> (ii) <u>Investigative</u> materials, notes, correspondence and <u>reports</u>.
>
> * * *
>
> (iv) A record that, if disclosed, would do any of the following:
>
> (A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.

65 P.S. §67.708(b)(17)(ii) and (vi)(A) (emphasis added). Thus, an agency's initial burden is to establish that a noncriminal investigation was conducted.

6

In *Department of Health v. Office of Open Records*, 4 A.3d 803 (Pa. Cmwlth. 2010), this Court determined that to establish the noncriminal investigation exception, "an agency must demonstrate that 'a systemic or searching inquiry, a detailed examination, or an official probe' was conducted regarding a noncriminal matter," which was "'conducted as part of an agency's official duties.'" *See Pa. Dep't of Lab. & Indus. v. Darlington*, 234 A.3d 865, 869 (Pa. Cmwlth. 2020) (quoting *Dep't of Health*, 4 A.3d at 811, 814). We refined the construction of this exception to require that the inquiry conducted is pursuant to legislatively granted powers. *Smith Butz*. Although the term noncriminal is not defined in the statute, this Court has previously analyzed its ordinary usage and interpreted "noncriminal" to mean "the exemption of investigations other than those that are criminal in nature." *Pa. Pub. Util. Comm'n v. Gilbert*, 40 A.3d 755, 759 (Pa. Cmwlth. 2012) (citing *Dep't of Health*, 4 A.3d at 810).

In applying the investigative exceptions, like Section 708(b)(17), the Courts consider the investigative nature of the record. Our Supreme Court noted in *Grove*, involving motor vehicle recordings or "dash cams," which were purportedly exempt under the criminal investigative exception, that the entirety of a record may not be withheld, rather only the investigative content may be redacted. This Court held that the principles set forth in *Grove* with regard to the investigative nature for criminal investigation records also apply to noncriminal investigation records. *See Port Auth. of Allegheny Cnty. v. Towne*, 174 A.3d 1167 (Pa. Cmwlth. 2017). PSP has the burden to show how the record is exempted (in whole or in part) as investigative in nature. *See generally Grove*, 161 A.3d at 895.

The type of record at issue is a factor in discerning its nature as public or nonpublic. Unlike our Supreme Court's decision in *Grove*, or in this Court's

7

decisions in *Bentley v. Allegheny County Police Department* (Pa. Cmwlth., No. 936 C.D. 2020, filed June 24, 2021), 2021 WL 2589800 (unreported), and *Central Dauphin School District v. Hawkins*, 199 A.3d 1005 (Pa. Cmwlth. 2018), *appeal granted in part and remanded on statutory exemption, denied as to other grounds*, (Pa., No. 16 MAL 2019, Sept. 1, 2020),[7] where the records at issue were videos depicting certain events in public settings that could have been taken by a bystander, here the records reflect a synthesis of the author of the Reports and Citations at issue. The preparer of the Reports and/or Citations may edit his or her observations and the documentation of same is investigative in nature as described by the Verifications.

As this Court recently recognized in *Bentley*, the way the record is used and the reasons it is maintained affect whether it is investigative in nature. Thus, it mattered how the record was used and whether it showed a violation. The reasons for recording and retaining the Reports and Citations are thus relevant to whether it was investigative.

There is evidence here that the Reports are used and updated in the course of the investigations of the underlying violations of the Liquor Code. *See* Deputy ORO Verification. Crucially, like the Authority in *Towne*, PSP established that the Reports and Citations were used in and created solely for the purpose of doing an investigation. As such, PSP met the preponderance standard.

That the seizure occurred in a public setting does not impact the nature of the records at issue because the depiction of the seizure itself (which

---

[7] This Court's opinion on remand appears at 253 A.3d 820 (Pa. Cmwlth. 2021), *appeal granted* (Pa. No. 287 MAL 2021, filed Nov. 30, 2021).

8

could be viewed or recorded by a member of the public) is not what is sought.[8]

Moreover, PSP emphasizes that of the five records at issue, "two of the responsive records are related to 'open and ongoing' investigations." *See* PSP's Br. at 12. The two verifications PSP submitted contain sufficient information to uphold the exemption. The verifications establish that PSP conducted a systemic and searching inquiry pursuant to its legislatively granted powers. *See* Rozier Verification, R.R. at 64a-65a. The record supports that the noncriminal investigations to assess Liquor Code violations were within PSP's official duties. Because the records relate to noncriminal investigations by BLCE of alleged Liquor Code violations, the responsive records (*i.e.*, Reports and Citations) qualify for protection under Section 708(b)(17).

### B. Redaction Requirement in Section 706

Next, we turn our attention to Requester's contention that the non-investigative parts of the records must be disclosed pursuant to the redaction provision in Section 706 of the RTKL, 65 P.S. §67.706. Section 706 states in pertinent part:

> If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted.

---

[8] Requester also seems to imply that the disclosure of the same information to another individual for constitutional due process reasons would undermine the protected nature of the same information under the RTKL. This Court disagrees. Precedent is clear that information accessible to a certain individual based on that person's identity or status does not waive the protection; however, what is deemed public under the RTKL is public to all. *See Hunsicker v. Pa. State Police*, 93 A.3d 911 (Pa. Cmwlth. 2014).

65 P.S. §67.706. Recent case law holds that an agency must disclose parts of records that do not qualify as protected by an asserted exemption.

Here, the only exemption asserted is the noncriminal investigation exception, which is often characterized as having broad application. There is currently no precedent holding that records relating to past criminal or noncriminal citable conduct lose their investigative imprimatur when the investigation is closed. We are reluctant to create a distinction between prior and current conduct under investigation in the instant case.[9]

In light of the type of records at issue, which were created as part of a noncriminal investigation, we agree with OOR's conclusion that the three investigative Reports and two Citations are properly protected in their entirety. The records, as described, relate to or resulted in noncriminal investigations conducted pursuant to BLCE's authority under the Liquor Code. Thus, under the plain meaning of the terms in the noncriminal investigation exception, the Reports and Citations are exempt.[10]

### C. *In camera* Review

Lastly, we consider Requester's challenge to OOR's decision of the matter without reviewing the records *in camera*. *See* R.R. at 28a. An appeals

---

[9] We are also cognizant that facts alleged in a brief are not properly part of the record. Thus, we do not consider such averments (Requester's Br. at 23) in our disposition.

[10] Requester casts aspersions on PSP's assertion of the noncriminal investigation exception when it is a criminal enforcement entity. It also intimates that the affiliation with Pace-O-Matic by former PSP commissioners and officers suggests bias and an interest in aiding Pace-O-Matic so the public is not aware of the seizures. But that is irrelevant to our disposition, as is Requester's independent knowledge of certain facts related to the alleged machines. Similarly, whether PSP had legal grounds to seize the machines, because they may not qualify as gambling devices, but simply games, is not before this Court. The only matter before us is whether the records relating to the investigation BLCE conducted are exempt.

officer for OOR has the discretion to develop the record as he or she deems fit in order to assess the exemptions alleged. This Court consistently holds: "OOR and its appeals officers have authority to order and undertake *in camera* review of documents that have been withheld or redacted where, in the appeals officers' judgment, *in camera* review is necessary to develop an adequate record to rule on the agency's claims of privilege or exemption." *Cnty. of Berks v. Off. of Open Recs.*, 204 A.3d 534, 544 (Pa. Cmwlth. 2019) (citing cases; citations omitted). However, that a requester asks OOR to conduct *in camera* review does not obligate OOR to do so.

Appellate courts review a decision declining to exercise *in camera* review for an abuse of discretion. *Am. Civ. Liberties Union of Pa. v. Pa. State Police*, 232 A.3d 654, 670 (Pa. 2020). Because OOR determined it had sufficient evidence in the form of two verifications from PSP to evaluate the asserted exemption, and there were facts alleged, not merely legal conclusions or parroting of the noncriminal investigative exception in the verifications, we discern no abuse of discretion in OOR foregoing its power to perform *in camera* review.

### IV. Conclusion

For the foregoing reasons, we affirm the Final Determination.

_____
J. ANDREW CROMPTON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Technology and Entrepreneurial     :
Ventures Law Group, PC,           :
               Petitioner     :
                                   :
          v.               :      No. 504 C.D. 2021
                                   :
Pennsylvania State Police       :
(Office of Open Records),        :
              Respondent   :

# **O R D E R**

AND NOW, this 20th day of December 2021, the final determination of the Office of Open Records is AFFIRMED.

_____
J. ANDREW CROMPTON, Judge