IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mickey Castillo,                :
                                  :
                 Petitioner    :
                                  :
        v.                    : No. 398 C.D. 2022
                                  : Submitted: March 17, 2023
Pennsylvania State Police     :
(Office of Open Records),     :
                                  :
             Respondent :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION BY JUDGE WOJCIK              FILED: February 7, 2024

Mickey Castillo (Requester) petitions for review from a Final Determination of the Office of Open Records (OOR) that denied his appeal from the Pennsylvania State Police's (PSP) denial of his request under the Right-to-Know Law (RTKL).[1]  Requester argues that PSP violated the RTKL by failing to produce the requested records.  Upon review, we affirm.

On October 20, 2021, Requester filed a request (Request) with PSP seeking certain records relating to his criminal conviction, for which he has fully completed his sentence.  Reproduced Record (R.R.) at 1a-2a.  Specifically, Requester sought:

> Each and every document that is not claimed as privileged,
> exempt or confidential contained in all police and other

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

reports from January 2006 and thereafter, involving Luzerne County Criminal Case No. CP-40-CR-0000848-2009 concerning [Requester], including, but not limited to the records referred to in Exhibit "A" which is attached hereto. [PSP] Barracks at Wyoming and Nanticoke were involved in the investigation. The case has been closed and [Requester] served his sentence in full for many years. No claim of an active law enforcement investigation can be made in good faith. Pennsylvania's [RTKL] expresses the state's policy that all state records be available at all times for inspection by any person.

*Id*. at 1a (citation omitted). He attached to his Request an affidavit of probable cause related to his arrest. *Id*. at 2a (Exhibit A).

After invoking an extension of time to respond, PSP identified PSP Incident Report No. P01-0645775 (Incident Report), a 58-page report detailing PSP's investigation into a criminal complaint, as responsive to the Request. PSP determined that the record was not a public record because it is specifically exempt from disclosure under the RTKL as a record relating to a criminal investigation and because disclosure would violate the Criminal History Record Information Act, 18 Pa. C.S. §§9101–9183 (CHRIA). Thus, PSP denied the Request.

Requester appealed the denial to OOR. OOR invited the parties to submit position statements and evidence. PSP's evidence included the verification (Verification) of its Open Records Officer, William Rozier (Rozier), made subject to penalties of perjury.[2] R.R. at 12a-13a. In the Verification, Rozier attested that the Incident Report was the only responsive record to the Request. *Id*. at 12a. He further attested that the Incident Report reflected the findings, conclusions, actions, and observations of the investigating PSP members taken during the investigation into a criminal complaint as well as information regarding the institution, progress, or result of a criminal investigation. *Id*. at 13a.

---

[2] *See* Section 4904 of the Crimes Code, 18 Pa. C.S. §4904.

2

Upon review, OOR found that PSP's evidence, as reflected by the Request itself, established that the Incident Report related to a criminal investigation and was exempt from disclosure under Section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16), by a preponderance of the evidence. By Final Determination dated March 25, 2022, OOR denied Requester's appeal and directed PSP to take no further action.

Requester then petitioned this Court for review.[3] Requester contends that PSP violated the RTKL by failing to provide the records requested. The information requested relates to Requester's criminal case, which ended in 2010. Requester maintains that public interest favors access to this "stale" information. Petitioner's Brief at 7. He posits that disclosure of his criminal arrest records would not result in a substantial and demonstrable risk of physical harm to, or personal security of, the victim or any individual or jeopardize homeland security or public safety. In the alternative, Requester seeks the redaction of any investigative information contained within the Incident Report.

"Section 301 of the RTKL provides Commonwealth agencies like PSP must provide copies of all *public records* upon request. [Section 301 of the RTKL,] 65 P.S. §67.301." *Pennsylvania State Police v. Grove*, 161 A.3d 877, 880 (Pa. 2017) (emphasis added). Section 102 of the RTKL defines a "public record" as: "A record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." 65 P.S. §67.102. Section 102 of the RTKL defines "record" as:

---

[3] For appeals from determinations made by the OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

*Id.* All "public records" are subject to disclosure unless some exemption applies. *Grove*, 161 A.3d at 892.

Section 708(b)(16) of the RTKL specifically exempts from disclosure any agency record "relating to or resulting in a criminal investigation," including:

> (i) Complaints of potential criminal conduct other than a private criminal complaint.

> (ii) Investigative materials, notes, correspondence, videos and reports.

> (iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.

> (iv) A record that includes information made confidential by law or court order.

> (v) Victim information, including any information that would jeopardize the safety of the victim.

> (vi) A record that, if disclosed, would do any of the following:

>> (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

>> (B) Deprive a person of the right to a fair trial or an impartial adjudication.

4

(C) Impair the ability to locate a defendant or codefendant.

(D) Hinder an agency's ability to secure an arrest, prosecution or conviction.

(E) Endanger the life or physical safety of an individual.

This paragraph shall not apply to information contained in a police blotter as defined in [Section 9102 of CHRIA,] 18 Pa. C.S. § 9102 (relating to definitions) and utilized or maintained by the [PSP], local, campus, transit or port authority police department or other law enforcement agency or in a traffic report except as provided under 75 Pa. C.S. § 3754(b) (relating to accident prevention investigations).

65 P.S. §67.708(b)(16).

The agency receiving the request bears "[t]he burden of proving that a record . . . is exempt from public access . . . by the preponderance of the evidence." 65 P.S. §67.708(a)(1). The preponderance of the evidence standard is "the lowest evidentiary standard" and "is tantamount to a more likely than not inquiry." *Office of General Counsel v. Bumsted*, 247 A.3d 71, 77 n.9 (Pa. Cmwlth. 2021) (citation and quotations omitted). Under the RTKL, an agency may satisfy its burden of proof by a sworn affidavit or statement made under penalty of perjury. *Sherry v. Radnor Township School District*, 20 A.3d 515, 520 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010).

With regard to Section 708(b)(16)'s criminal investigation exemption, this Court has previously held that police incident reports are not "public records" subject to disclosure. *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473, 479 (Pa. Cmwlth. 2010) (*PSP*). In *PSP*, we found that the incident report was "created by the investigating officer" and was used "to report investigative actions

5

resulting from alleged criminal offenses or other policy matters" as identified by the verification of the agency's open records officer and confirmed by our *in camera* review. *PSP*, 5 A.3d at 480 (internal quotations and citation omitted). We further found that the report was not a "police blotter" as defined under Section 9102 of CHRIA, 18 Pa. C.S. §9102,[4] which is expressly excluded from the criminal investigation exemption. *PSP*, 5 A.3d at 481-82 (recognizing a strong public policy interest in allowing the public to access police blotter information); *see* 65 P.S. §67.708(b)(16). Ultimately, we concluded the incident report was "a description of an investigation by the PSP into a complaint of criminal activity." *PSP*, 5 A.3d at 481. Thus, we held the incident report was not a public record subject to disclosure under the RTKL, even in redacted form. *Id.* at 483; *see also Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014).

For the same reasons, the Incident Report at issue here is not a public record subject to disclosure. According to the Verification, Rozier attested that the Incident Report contains "investigative information" including

> the findings, conclusions, actions, and observations of investigating PSP members, including Trooper Maguire, taken during the investigation into this criminal matter. In addition to containing personal identification information and investigative materials, this report - based upon its content - is a PSP record that, if disclosed, would reveal the institution, progress or result of this criminal investigation.

R.R. at 13a. In addition, Rozier attested that the Incident Report is not a chronology of arrests that would otherwise qualify for disclosure as a "police blotter." *Id.* Upon review, PSP's evidence established, by a preponderance of the evidence, that the

---

[4] Section 9102 of CHRIA defines "police blotter" as "[a] chronological listing of arrests, usually documented contemporaneous with the incident, which may include, but is not limited to, the name and address of the individual charged and the alleged offenses." 18 Pa. C.S. §9102.

6

Incident Report documented a criminal investigation and, therefore, qualified for exemption from disclosure.

Although we recognize that the criminal action has long since concluded, and Requester has completed his sentence, the status or "staleness" of a criminal matter is not relevant for disclosure purposes. *See Cafoncelli v. Pennsylvania State Police* (Pa. Cmwlth., No. 1392 C.D. 2016, filed June 5, 2017), slip op. at 8 ("The RTKL does not provide an expiration date for exemptions.").[5] To withhold a record under Section 708(b)(16), PSP only needed to show that the record related to a criminal investigation, period. 65 P.S. §67.708(b)(16).

Finally, we decline Requester's redaction request. "[W]here a record falls within an exemption under Section 708(b), it is not a public record as defined by the RTKL and an agency is not required to redact the record." *PSP*, 5 A.3d at 481; *accord Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1077 (Pa. Cmwlth. 2013); *Department of Health v. Office of Open Records*, 4 A.3d 803, 815 (Pa. Cmwlth. 2010).

Accordingly, we affirm OOR's Final Determination.

MICHAEL H. WOJCIK, Judge

---

[5] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mickey Castillo,                          :
                                          :
                        Petitioner        :
                                          :
            v.                            : No. 398 C.D. 2022
                                          :
Pennsylvania State Police                 :
(Office of Open Records),                 :
                                          :
                        Respondent        :

# **O R D E R**

AND NOW, this 7th day of February, 2024, the Final Determination of the Office of Open Records, dated March 25, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge